UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<span>IMOTHY</span> M. J<span>ODWAY</span> and
A<span>LAINA</span> M. Z<span>ANKE</span>-J<span>ODWAY</span>,

    Appellants,

v.

F<span>IFTH</span> T<span>HIRD</span> B<span>ANK</span>, Servicer for F<span>IFTH</span>
T<span>HIRD</span> B<span>ANK</span> M<span>ORTGAGE</span> C<span>OMPANY</span>,

    Appellee.
_____/

Case No. 16-cv-13241

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
M<span>ONA</span> K. M<span>AJZOUB</span>

**<u>O<span>PINION AND</span> O<span>RDER</span> A<span>FFIRMING</span> B<span>ANKRUPTCY</span> C<span>OURT</span>'<span>S</span> D<span>ECISION TO</span> D<span>ENY</span>
A<span>PPELLANTS</span>' M<span>OTION TO</span> R<span>EVOKE THE</span> O<span>RDER</span> C<span>ONFIRMING</span> C<span>HAPTER</span> 13 P<span>LAN</span></u>**

## I. I<span>NTRODUCTION</span>

This matter is before the Court as an appeal from the Bankruptcy Court for the Eastern District of Michigan. Appellants filed a motion before the bankruptcy court, seeking to revoke the order confirming the Chapter 13 Plan. The bankruptcy court denied that motion and the Appellants appeal. For the reasons that follow, the Court AFFIRMS the bankruptcy court decision.

## II. F<span>ACTS</span>

Both Parties unnecessarily complicate the issues in this appeal. As best as the Court can, it will simplify the facts and arguments made by the Parties.

The Jodways are well-known to this Court and have a lengthy history before the bankruptcy court. *See Jodway v. Fifth Third Mortg. Co.*, 557 B.R. 560 (E.D. Mich. 2016). On August 3, 2005, Tim Jodway and Alaina Zanke-Jodway (collectively "the Jodways") took out a mortgage to finance the $649,000 purchase price of a house. Appellants' Br., Dkt. No. 6, p. 8 (Pg. ID 763). The home is located in Boyne City, Michigan and is not the Jodways' primary residence. On January 20, 2011, the mortgage was assigned to Appellee, Fifth Third Mortgage Company. *Jodway*, 557 B.R. 560, 562. Eventually, the Jodways failed to meet their mortgage obligations and the Appellee referred the matter to foreclosure. On June 26, 2014, Tim Jodway filed for Chapter 13 relief to stay the foreclosure proceedings. Bankruptcy R., Dkt. No. 5, p. 291 (Pg. ID 303). On April 10, 2015, Tim Jodway signed a Chapter 13 Plan, which required payment of about $7000 per month for 60 months. *Id*., p. 37 (Pg. ID 51). On May 12, 2015 Bankruptcy Judge Mark Randon accepted the Plan and issued an order confirming the Plan (hereinafter the "Order Confirming Plan"). *Id*., p. 56 (Pg. ID 68).

According to the Jodways, on February 26, 2016, they learned that Mr. Jodway's payments (then-totaling $153,562.66) were being held in a suspense account, rather than being credited to the debt. *Id*., pp. 410, 416 (Pg. ID 422, 428). The suspense account is the centerpiece of this appeal.

On June 25, 2016 the Jodways filed a motion to revoke the Order Confirming Plan. *Id.*, p. 452 (Pg. ID 464). Judge Randon heard oral argument on the motion on August 10, 2016. *Id.*, p. 410 (Pg. ID 422). Ruling from the bench, Judge Randon denied the Jodways' motion for revocation of the Order Confirming Plan. *Id.*, p. 421 (Pg. ID 433). Judge Randon followed up his decision with a written order, which states:

> IT IS HEREBY ORDERED that this Court finds the order of confirmation was not procured by fraud and Debtor and the non-filing co-debtor's Motion is untimely under Fed. R. Bankr. P. 9024 and 11 U.S.C. §1330(a).

Dkt. No. 5, p. 4 (Pg. ID 16).

On September 8, 2016, the Jodways filed a notice of appeal from Judge Randon's order denying the motion for revocation of the Plan. Dkt. No. 1. Tim Jodway is represented by his co-debtor, non-bankruptcy-filing spouse, Alaina Zanke-Jodway, who is licensed to practice law in Michigan.

The only issue on appeal is whether the bankruptcy court erred when it denied the Jodways' motion to revoke the Order Confirming Plan.

### III. STANDARD OF REVIEW

On appeal of a bankruptcy decision, this court applies the clearly erroneous standard of review to findings of fact, and reviews questions of law *de novo*. *Keeley v. Grider*, 590 F. App'x 557, 559 (6th Cir. 2014). Therefore, the judgment of the bankruptcy court shall be reversed only if the ruling is based on "an

-3-

erroneous view of the law or a clearly erroneous assessment of the evidence." *U.S. v. Dotson*, 715 F.3d 576, 582 (6th Cir. 2013) (quoting *U.S. v. Semrau*, 693 F.3d 510, 520 (6th Cir. 2012)).

### IV. OVERVIEW OF CHAPTER 13 BANKRUPTCY

> Congress intended Chapter 13 of the Bankruptcy Code to be utilized by individuals with regular income for the purpose of adjusting the debts of all creditors in payment of those debts over an extended period of time. Chapter 13 was designed to protect overextended individual wage earners desiring to repay their debts through the automatic stay and provide financial relief through a fresh start. In essence, a Chapter 13 plan is a contract between the debtor and the debtor's creditors that enables the debtor to extend and adjust his debts. Upon completion of a Chapter 13 plan, the debtor is entitled to a broad discharge of his or her obligations.
>
> Chapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor. In an effort to preserve this flexibility Chapter 13 established only a minimum number of mandatory plan provisions. Yet the Bankruptcy Code and Rules impose strict deadlines and limitations on debtors who opt for reorganization over liquidation.
>
> The Bankruptcy Code does, however, set forth certain provisions that must be included in every Chapter 13 plan, while also setting forth provisions that the debtor may elect to use at her option.
>
> In order for a Chapter 13 plan to be confirmed the plan must comply with all provisions of that chapter, which includes the mandatory provisions of 11 U.S.C.A. § 1322(a). Thus, a document which does not contain the mandatory provisions under 11 U.S.C.A. § 1322(a) does not constitute a confirmable Chapter 13 plan.

3 Bankruptcy Desk Guide § 29:1.

## V. LAW AND ANALYSIS

*A. Revocation of a Chapter 13 Plan*

11 U.S.C. § 1330 governs revocation of a Chapter 13 Plan and provides that, "on request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." 11 U.S.C. § 1330.

"An order of confirmation of a Chapter 13 plan under 11 U.S.C.A. § 1325 may be revoked if procured by fraud, and only on the grounds of fraud...A complaint to revoke confirmation cannot be brought after expiration of the 180-day time limit, even if confirmation was obtained by fraud and the fraud was concealed until then." 3 Bankruptcy Desk Guide § 31:76.

In this case, Bankruptcy Judge Randon confirmed Tim Jodway's Chapter 13 plan on May 15, 2015. Given the 180-day time limit, Mr. Jodway must have requested revocation no later than November 12, 2015. *See* FED. R. BANKR. P. 9006 (detailing the proper computation of time in bankruptcy proceedings). However, Mr. Jodway filed a motion to revoke the Plan on June 25, 2016, over seven months after the time limit expired. *See* Dkt. No. 5, p. 452 (Pg. ID 464). At the bankruptcy court hearing, Judge Randon correctly held that Mr. Jodway's motion was untimely. Dkt. No. 5, p. 420 (Pg. ID 432). Judge Randon continued

that, "[e]ven if it was timely, there would still have to be a finding of fraud to revoke it. I don't find either." *Id.*, p. 420–24 (Pg. ID 432–33). The Court finds that Judge Randon did not err in applying § 1330.

On appeal the Jodways attempt to sidestep the 180-day time limit imposed by § 1330 by arguing: (1) violations of due process; (2) judicial taking; and (3) abuse of bankruptcy process. Neither argument has merit.

*1. Alleged Constitutional Violations and Due Process*

First, the Jodways argue that, "[a] revocation of confirmation motion based upon constitutional violations is not subject to the 180-day time limit in § 1330." Dkt. No. 6, p. 15 (Pg. ID 777). This argument lacks legal support.

According to Mr. Jodway, the suspense account deprives him of his property interest in the post-petition payments. *Id.* He argues that such deprivation is a violation of due process, which warrants revocation of his Chapter 13 Plan.

In support of his argument, Mr. Jodway relies on *Merc. Bank Mtg. Co., LLC v. NGPCP/BRYS Ctr., LLC,* 305 Mich. App. 215 (2014) and *In re Hudson, 260 B.R. 421* (Bankr. W.D. Mich. 2001). Neither case binds this Court. Neither case persuades this Court to grant Mr. Jodway's desired relief.

*a. Merc. Bank Mtg. Co., LLC v. NGPCP/BRYS Ctr.*

*Merc. Bank Mtg. Co.* is a Michigan Court of Appeals case, which held that, "[t]he mortgagor is entitled to credits on the indebtedness for partial payments

made before the judgment of foreclosure" *Merc. Bank Mtg. Co.*, 305 Mich. App. 215, 226. Mr. Jodway relies on *Merc. Bank* for the proposition that he had a legal right to the reduction in the mortgage balance for the partial payments he made. Dkt. No. 6, p. 17 (Pg. ID 772). Mr. Jodway's application of *Merc. Bank* to his current situation is flawed. *Merc. Bank* did not involve a Chapter 13 bankruptcy plan. Indeed, as best as the Court can tell, the holding in *Merc. Bank* has never been applied to a Chapter 13 case, or any bankruptcy case. Accordingly, Mr. Jodway's argument is rejected.

### b. In re Hudson

*Hudson* involved a Chapter 13 plan, which provided a specific amount and interest rate for a creditor-bank's claim against a debtor. *In re Hudson, 260 B.R. 421* (Bankr. W.D. Mich. 2001). The bank received notice of Hudson's Chapter 13 Bankruptcy Case. *Id*. at 427. However, the notice and the Plan Summary failed to advise all creditors that if an objection was lodged to the Chapter 13 plan, a valuation hearing would take place at the confirmation hearing. *Id*. The bank made no objections and did not appear at the confirmation hearing. *Id*. Subsequently, a judge approved the Chapter 13 plan.

One week later, the creditor-bank made a claim exceeding the amount and interest rate specified in the now-confirmed plan. *Id*. The debtors objected. *Id*. Despite the failure to notify the bank of the entire objection procedure, *Hudson*

nevertheless held that the confirmed plan bound the bank. *Id*. at 444–45. *Hudson* did not revoke the confirmed plan.

### *i. In re Ferq* and *Reliable Electric*

*Hudson* goes on to discuss a 3rd Circuit case, *In re Fesq*, 153 F.3d 113 (3d Cir. 1998), which held that "fraud is the only ground for relief available for revocation of a Chapter 13 confirmation order." *In re Fesq*, 153 F.3d 113, 120 (3d Cir. 1998). However, *Hudson* goes on to say that, "notwithstanding the *Fesq* majority opinion, Rule 9024[1] may be utilized to set aside or relieve a party from the effect of a chapter 13 confirmation order when notice is constitutionally inadequate." *Hudson*, 260 B.R. 421, 444.

For this rule, *Hudson* cites a 10th Circuit case called *Reliable Elec. Co. v. Olson Const. Co.*, 726 F.2d 620 (10th Cir. 1984). *Reliable Elec. Co.* involved a Chapter 11 reorganization in which a creditor did not receive notice of: (1) the time for filing acceptances or rejections of the Plan; (2) the confirmation hearing; and (3) the time for filing objections to confirmation. *Reliable Elec. Co.*, 726 F. 2d 620, 622. Based on the lack of notice, the *Reliable Elec. Co.* panel held that the creditor was essentially denied an opportunity to be heard at the confirmation hearing, which amounted to a denial of due process of law. *Id*. at 632. Because the creditor

---

[1] Federal Rule of Bankruptcy Procedure 9024 ("Rule 9024") governs how a party can seek relief from the judgment or order of bankruptcy court. Rule 9024 incorporates Federal Rule of Civil Procedure 60 and 11 U.S.C. § 1330.

was denied notice, the trial court did not subject that creditor to the Chapter 11 plan. *Id*. The 10th Circuit affirmed the district court's decision. *Id*. It is important to note that neither *Ferq* nor *Reliable Elec. Co.* resulted in revocation of a confirmation order.

*Hudson*, *Ferq* and *Reliable Elec. Co.* are distinguishable from the procedure, facts, and relief requested in this case. Regarding procedure, there is no indication that due process was used as a tool or technique to sidestep the statute of limitations imposed by 11 U.S.C. § 1330, as the Jodways attempt to do in this case. Turning next to facts, none of those cases involved a debtor seeking relief from a confirmation order for inadequate notice. Rather, each case involved a creditor attempting to avoid a confirmation order. Finally, with respect to relief, the cases are distinguishable because in each case cited by the Appellants, the confirmation order was affirmed as binding, and not revoked. Therefore Mr. Jodway's reliance on *Hudson*, *Ferq* and *Reliable Elec. Co.* is misplaced because his due-process arguments are not supported by their procedure, facts, or relief.

On the contrary, binding precedent (which Mr. Jodway does not cite) states that, "[a]bsent a timely appeal, a confirmation order is res judicata and not subject to collateral attack." *Storey v. Pees*, 392 B.R. 266. Mr. Jodway's attempt to sidestep the statute of limitations failed. Therefore, because his claims are not timely, his confirmation order is not subject to attack.

*2. Judicial Taking*

Second, Mr. Jodway argues that the bankruptcy court committed a judicial taking. Dkt. No. 6, p. 21 (Pg. ID 776). According to Mr. Jodway, by allowing the suspense account to stand, the bankruptcy court changed his entitlement to contractually receive credit against the mortgage. *Id.* Even an extremely liberal reading of the facts in Mr. Jodway's favor could not support this argument.

"A judicial taking occurs where a court's decision that does not even 'arguably conform[ ] to reasonable expectations' in terms of relevant law of property rights effects a 'retroactive transformation of *private into public property*.' " *Ultimate Sportsbar v. United States*, 48 Fed. Cl. 540, 550 (2001) (emphasis added) (citing *Hughes v. Washington*, 389 U.S. 290, 296, 88 S.Ct. 438, 19 L.Ed.2d 530 (1967) (Stewart, J. concurring)). Here, the facts cannot support a claim of judicial taking because there is no indication or argument that the funds in the suspense account have been transferred into public property. Therefore, Mr. Jodway's judicial taking argument is rejected.

*3. Abuse of Bankruptcy Process*

Third, Mr. Jodway argues that the creditor abused the bankruptcy process by holding funds in the suspense account. This argument confuses the dispositive issue. This appeal concerns Mr. Jodway's motion to revoke the confirmation order.

Pursuant to statute, such a motion must be filed within 180 days. Mr. Jodway failed to meet that deadline. Even if the creditor did abuse the bankruptcy court, that finding cannot make Mr. Jodway's motion timely. Therefore, Mr. Jodway's abuse of bankruptcy process argument is meritless, because it cannot compel Mr. Jodway's desired remedy. *See In re Valenti*, 310 B.R. 138, 52 Collier Bankr. Cas. 2d (MB) 403 (B.A.P. 9th Cir. 2004) ("the 180–day bar applies to bar revocation even if the fraud is not discovered until the period has passed.") (internal citations and quotations omitted).

## VI. CONCLUSION

For the preceding reasons, the Court will **AFFIRM** the bankruptcy court's decision.

SO ORDERED.

| | |
|---|---|
| Dated: May 31, 2017 | s/Gershwin A. Drain_____ |
| Detroit, MI | HON. GERSHWIN A. DRAIN |
| | United States District Court Judge |

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 31, 2017, by electronic and/or ordinary mail.

/s/Felicia M. Moses for Tanya Bankston
Case Manager, (313) 234-5213